IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANNY AMEN ANDERSON SHABAZZ, *also known as Danny Ace Valentine*,    Plaintiff, | : : : : : | |
| v. | : : | CIVIL ACTION NO. 25-CV-5039 |
| DELAWARE COUNTY PROBATION DEPARTMENT, *et al.*,    Defendants. | : : : : | |

### MEMORANDUM

**BEETLESTONE, C.J.**                                                                             OCTOBER 15, 2025

      Plaintiff Danny Amen Anderson Shabazz brings this *pro se* civil action alleging his constitutional rights were violated when he was subjected to a false arrest. Named as Defendants are the Delaware County Probation Department, Mary Beth DePaulis, and Delaware County Prison. Shabazz seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Shabazz *in forma pauperis* status and dismiss his Complaint with prejudice.

### I.    PROCEDURAL HISTORY

      Shabazz is a frequent litigant in this Court. He has commenced over twenty cases in this District since 2021. *See Shabazz v. Buccini, et al.*, Civil Action No. 21-3011 (E.D. Pa.) (dismissed without prejudice for failure to prosecute); *The Estate of Danny Valentine-Shabazz v. Flynn, et al.*, Civil Action No. 22-0866 (E.D. Pa.) (dismissed without prejudice for failure to prosecute); *Valentine-Shabazz v. Moyihan, et al.*, Civil Action No. 22-0869 (E.D. Pa.) (dismissed without prejudice for failure to prosecute); *Valentine-Shabazz v. Diggs, et al.*, Civil Action No. 22-0884 (E.D. Pa.) (dismissed without prejudice for failure to prosecute); *Shabazz v. Guzman*, Civil Action No. 22-1276 (E.D. Pa.) (dismissed without prejudice for failure to prosecute);

*Valentine-Shabazz v. Hastings, et al.*, Civil Action No. 22-1483 (E.D. Pa.) (dismissed for failure to comply with Court's Order); *Valentine-Shabazz v. Tracy, et al.*, Civil Action No. 22-1508 (E.D. Pa.) (transferred to the District of Delaware); *Valentine-Shabazz v. Sinacola, et al.*, Civil Action No. 22-3342 (E.D. Pa.) (dismissed for failure to prosecute); *The Estate of Danny Amen Valentine-Shabazz v. Buccini, et al.*, Civil Action No. 22-3343 (dismissing case for failure to prosecute and enjoining Shabazz from submitting any pleadings via email in an existing case and/or in a new matter due to abusive behavior and failure to comply with Court's directives); *Shabazz v. Brian Moynihan Bank of America*, Civil Action No. 23-1383 (E.D. Pa.) (dismissed for failure to prosecute and prohibiting Shabazz from contacting chambers); *Shabazz v. Bruce, et al.*, Civil Action No. 23-1399 (E.D. Pa.) (dismissed for failure to prosecute); *Shabazz v. Moynihan, et al.*, Civil Action No. 23-1717 (E.D. Pa.) (dismissed for failure to prosecute); *Shabazz v. Matthews*, et al., Civil Action No. 23-1757 (E.D. Pa.) (dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)); *Shabazz v. Bruce, et al.*, Civil Action No. 23-1863 (E.D. Pa.) (transferred pending motion to Civil Action No. 23-1399 and closed case); *Shabazz v. Bruce, et al.*, Civil Action No. 23-2158 (E.D. Pa.) (transferred to District of Delaware); *Shabazz v. Sovereign Sweets, et al.*, Civil Action No. 24-1185 (E.D. Pa.) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)); *Shabazz v. Diggs, et al.*, Civil Action No. 24-1848 (E.D. Pa.) (dismissed for failure to prosecute); *Shabazz v. Bruce, et al.*, Civil Action No. 24-1854 (E.D. Pa.) (motion to withdraw granted and case closed); *Shabazz v. Thomas, et al.*, Civil Action No. 24-1906 (E.D. Pa.) (dismissed for failure to prosecute); *Shabazz v. Thomas, et al.*, Civil Action No. 24-1907 (E.D. Pa.) (dismissed for failure to prosecute).[1]

---

[1] Although Shabazz's use of various iterations of his name makes it difficult to discern the true universe of cases that he has filed in the federal courts, he is a prolific filer in other venues as well. *See, e.g., Shabazz v. Bruce, et al.*, Civil Action No. 23-5286 (D.N.J.); *Shabazz v.*

While many of the cases Shabazz filed in this District were ultimately dismissed for failure to prosecute, in most instances, the dismissals came only after Shabazz failed to comply with court Orders and engaged in abusive behavior by inundating the court with nonresponsive submissions despite clear directives to refrain from doing so. Indeed, in Civil Action No. 22-3343, Shabazz was subjected to a pre-filing injunction based on this behavior, which prevented him from filing documents using the now-retired email address created by the Court for filing by *pro se* litigants during the COVID-19 pandemic.

In March 2024, Shabazz commenced a civil action using the Court's Electronic Document Submission system, a service that may be used by self-represented litigants without CM/ECF privileges for filing a new civil case or for filing documents in existing cases. *See Shabazz v. Sovereign Sweets, et al.*, Civil Action No. 24-1185 (E.D. Pa.). In that matter, Shabazz again inundated the court with frivolous, abusive filings. Nonetheless, in a May 2, 2024 Memorandum and Order, the Court granted Shabazz's *in forma pauperis* application and screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Shabazz v. Sovereign*

---

*Brian Moynihan Bank of America, et al.*, Civil Action No. 23-7321 (D.N.J.); *Shabazz v. Passino, et al.*, Civil Action No. 23-11926 (D.N.J.); *Shabazz v. Diggs, et al.*, Civil Action No. 23-12046 (D.N.J.); *Shabazz v. Bruce, et al.*, Civil Action No. 23-16641 (D.N.J.); *Shabazz v. The United States of America, et al.*, Civil Action No. 23-22878 (D.N.J.); *Shabazz v. Carney*, Civil Action No. 25-2957 (D.N.J.); *Shabazz v. Thompson, et al.*, Civil Action No. 25-3378 (D.N.J.); *Shabazz v. Diggs., et al.*, Civil Action No. 23-9084 (S.D.N.Y); *Shabazz v. Graham, et al.*, Civil Action No. 23-9228 (S.D.N.Y.); *Shabazz v. Diggs, et al.*, Civil Action No. 23-9231 (S.D.N.Y.); *Shabazz v. Yoon, et al.*, Civil Action No. 23-10508, (S.D.N.Y.); Shabazz v. Shami, et al., Civil Action No. 25-4385 (S.D.N.Y.); *Shabazz v. Watson, et al.*, Civil Action No. 23-4048, (N.D. Ga.); *Shabazz v. Passino, et al.*, Civil Action No. 23-4239 (N.D. Ga.); *Valentine Shabazz v. Bruce, et al.*, Civil Action No. 23-1604 (D.D.C.); *Valentine Shabazz v. Bruce, et al.*, Civil Action No. 23-1607 (D.D.C.); *Valentine Shabazz v. Burns, et al.*, Civil Action No. 23-1609 (D.D.C.); *Valentine Shabazz v. Moynihan, et al.*, Civil Action No. 23-1610 (D.D.C.); *Valentine Shabazz v. Passino, et al.*, Civil Action No. 23-1628 (D.D.C.); *Valentine Shabazz v. Bakish, et al.*, Civil Action No. 23-1639 (D.D.C.); *Shabazz v. Bruce, et al.*, Civil Action No. 25-2059 (C.D. Ca.); *Shabazz v. Bruce, et al.*, Civil Action No. 25-6150 (C.D. Ca.).

3

*Sweets*, No. 24-1185, 2024 WL 1936258, at *2 (E.D. Pa. May 2, 2024). The Complaint was dismissed with prejudice as frivolous and for failure to state a claim pursuant to § 1915(e)(2)(B)(i) and (ii). *Id.* at *6. Shabazz also was warned in the May 2 Memorandum that if he continued to file frivolous, meritless or repetitive lawsuits, or abused the privilege of filing on the EDS system, he may be subject to an injunction prohibiting him from use of the EDS system, or from proceeding *in forma pauperis* without prior approval of the Court. *Id.* Shabazz immediately appealed the May 2 dismissal (*see* Civil Action No. 24-1185 at ECF No. 40),[2] but continued to file letters, motions, and exhibits (*see id.* at ECF Nos. 41, 42, 43, 44, 45, 48, 49, 50, 53, 54, 55, 56, 57).

In the meantime, Shabazz commenced four more civil actions between April and May 2024. *See Shabazz v. Diggs, et al.*, Civil Action No. 24-1848 (E.D. Pa.); *Shabazz v. Bruce, et al.*, Civil Action No. 24-1854 (E.D. Pa.); *Shabazz v. Thomas, et al.*, Civil Action No. 24-1906 (E.D. Pa.); *Shabazz v. Thomas, et al.*, Civil Action No. 24-1907 (E.D. Pa.). Because Shabazz ignored the Court's warning and continued his vexatious filing pattern in these cases, as well as in Civil Action No. 24-1185, the Court entered Orders on May 20, 2024 directing Shabazz to show cause why the court should not, due to his pattern of conduct, impose a narrowly tailored pre-filing injunction prohibiting Shabazz from use of the EDS system and directing the Clerk of Court not to open any new matters brought by him unless he either pays the mandatory filing fee or obtains prior approval of the Court to proceed *in forma pauperis*. *See* Civil Action No. 24-1848 at ECF No. 8; Civil Action No. 24-1854 at ECF No. 76; Civil Action No. 24-1906 at ECF No. 3; Civil

---

[2] The Court's decision was summarily affirmed by the United States Court of Appeals for the Third Circuit. (*See* Civil Action No. 24-1185 at ECF No. 58.)

Action No. 24-1907 at ECF No. 5.  Shabazz did not respond as directed and instead continued his practice of filing abusive, largely incoherent documents.

By Order dated May 29, 2024, and pursuant to the All Writs Act, 28 U.S.C. § 1651(a), the Court enjoined Shabazz's access to the EDS system.  *See* Civil Action No. 24-1848 at ECF No. 23; Civil Action No. 24-1854 at ECF No. 130; Civil Action No. 24-1906 at ECF No. 4; Civil Action No. 24-1907 at ECF No. 6.  Shabazz was advised that he could continue to file paper documents via United States mail or courier, or in person at the Clerk's office.  (*Id.*)  Additionally, Shabazz was enjoined from filing any new case in this District without paying the mandatory filing fee or obtaining prior approval of the Court to proceed *in forma pauperis*.  (*Id.*)  Shabazz was instructed that he must attach a copy of the May 29, 2024 Order to any motion for leave to proceed *in forma pauperis* filed in this District.  (*Id.*)  Further, he was warned that if he continues to submit frivolous, meritless, or vexatious filings, the Court may consider broadening the scope of the filing injunction or imposing further sanctions as appropriate.  (*Id.*)

On May 26, 2025, Shabazz submitted for filing via U.S. mail an application to proceed *in forma pauperis*, with the May 29, 2024 Order attached, and a Complaint.  (ECF Nos. 1, 2.)  Because he failed to sign the *in forma pauperis* application and the Complaint as required by Federal Rule of Civil Procedure 11, he was directed to do so by Order dated September 8, 2025.  (ECF No. 5.)  Shabazz did not return the signed documents and instead filed a new, signed application to proceed *in forma pauperis*, along with a letter to the undersigned.[3]  (*See* ECF No.

---

[3] In the letter, Shabazz also requests that this case be placed under seal.  (*See* ECF No. 7 at 6.)  The "'strong presumption' of openness does not permit the routine closing of judicial records to the public" and the "party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury' to the party seeking closure."  *See Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994); *see also Patel v. Educ. Comm'n for Foreign Med. Graduates*, No. 22-1651, 2023 WL 3336646, at *2 n.2 (3d Cir. May 10, 2023) (*per*

5

7.) Therein, Shabazz appears to indicate that he submitted a new *in forma pauperis* application because he was unable to access the documents sent by the Court. Consequently, for purposes of this Memorandum, the Court construes the new *in forma pauperis* application and letter (ECF No. 7) as substantial compliance with the Court's September 8 Order directing him to sign his documents.[4]

## II.    FACTUAL ALLEGATIONS

The allegations in Shabazz's Compliant are brief yet rambling. Shabazz describes his submission as a "Complaint for False Arrest and Damages" (*see* Compl. at 1 and 2) and refers to two state court criminal prosecutions on drug charges: *Commonwealth v. Shabazz*, CP-23-CR-

---

*curiam*) (to prevail on a motion to seal, plaintiff "had to show that 'the interest in secrecy outweigh[ed] the presumption" under common law that "the public has a right of access to judicial [records]'" (quoting *In re Avandia Mktg. Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019))). "A party who seeks to seal an *entire* record faces an even heavier burden." *Miller*, 16 F.3d at 551.

Shabazz requests the case be placed under seal because he is "being connected to other groups and people [he has] zero association with." (ECF No. 7 at 6.) He also asserts that his safety is at issue. He states: "I paid 2 lawyers and executive security. I shouldnt [sic] have these problems. There is a bank and trust fund [issue] with Time Alexander and Joe Funk, two former USSS Agents. White supremacy needs to stop." (*Id.*)

These vague and unsupported allegations are insufficient to justify sealing this case in whole or in part. *See In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d at 673 ("Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." (internal quotations omitted)). In any event, the Court has reviewed the documents filed in this case and has not found sensitive information that is of the type courts normally protect. For these reasons, the Court concludes that Shabazz has not met his burden and will deny his request.

[4] The Court's September 8, 2025 Order sent to Shabazz at the address he provided in the Complaint as his residence (*see* ECF No. 2 at 2) was returned as undeliverable (*see* ECF No. 6). Thus, Shabazz has failed to comply with Local Rule 5.1(b), which requires him to provide the Court with an up-to-date address where he can be served with court orders and other papers. The Court will serve Shabazz with this Memorandum and Order at the return address he listed on the mailing envelope for his most recent filing. (*See* ECF No. 7 at 7.) In the event this mailing address is not viable, service of the Memorandum and Order will be made by leaving the documents with the Court Clerk through docketing. *See* Fed. R. Civ. P. 5(b)(2)(D) (when the person has no known address, a paper is served by leaving it with the Clerk of Court).

0006204-1996 (C.P. Delaware) and *Commonwealth v. Valentine*, CP-23-CR-0003008-2005 (C.P. Delaware).[5] According to Shabazz, his arrest "involved allegations related to approximately 3 grams of controlled substance." (Compl. at 3.) He mentions a "Habeas Corpus Case from June of 2023" and allegations that he did not "go through with initial payments." (*Id.* at 2.) Shabazz indicates he was incarcerated and "Mayor James Baker" helped him pay outstanding fines. (*Id.* at 3.) Shabazz contends that he suffered economically, physically, and mentally as a result of the arrest. (*Id.*) He seeks unspecified injunctive relief and monetary damages. (*Id.* at 4.)

With regard to the underlying state court prosecutions, the state court docket for *Commonwealth v. Valentine*, CP-23-CR-0003008-2005 (C.P. Delaware), indicates, *inter alia*, "Gagnon I Hearing Results" on June 28, 2023. It also reflects that the Commonwealth filed a petition for involuntary commitment due to incompetence on July 27, 2023. *Id.* Additionally, Shabazz's counsel filed a petition for a writ of habeas corpus and a motion to terminate probation supervision on July 28, 2023, which were granted on August 8, 2023. *Id.* This information appears to correlate with Shabazz's allegations. (*See* Compl. at 2 (listing criminal case numbers and "requesting an immediate settlement on a Habeas Corpus Case from June of 2023.").)

### III. STANDARD OF REVIEW

The Court grants Shabazz leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*

---

[5] The Court takes judicial notice of relevant public court dockets for purposes of reviewing Shabazz's Complaint. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

*v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, a court may dismiss a complaint based on an affirmative defense, such as the statute of limitations "when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

As Shabazz is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## IV.     DISCUSSION

Shabazz seeks damages for alleged violations of his civil rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

While Shabazz's Complaint is rambling and largely incoherent, liberally construing the allegations and reading the Complaint as a whole, it is best construed as alleging that he was subjected to a false arrest due to a parole violation in violation of his Fourth Amendment rights. There are numerous deficiencies with Shabazz's claims.

As an initial matter, claims against the Delaware County Probation Department are not cognizable in this matter. The Commonwealth and its agencies also are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Further, the Commonwealth of Pennsylvania is immune from suit for money damages under the Eleventh Amendment and has not waived that immunity for lawsuits filed in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 309-10 (3d Cir. 2020); *see also* 42 Pa. Cons. Stat. §§ 8521-22. Commonwealth departments, including probation and parole departments, are likewise immune from such suits. *See Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) ("Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity."); *see also Moore v. Montgomery Cnty. Dist. Att'y Off.*, No. 22-2642, 2023 WL 5972045, at *2 (3d Cir. Sept. 14, 2023) (*per curiam*) (affirming dismissal of claims against the Pennsylvania Parole Board because it is not a

cognizable § 1983 defendant for money damages) (citing *Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977)). Accordingly, any claim against the Delaware County Probation Department may not proceed.

Further, Shabazz names the Delaware County Prison as a Defendant. However, a jail or correctional facility is not a "person" under § 1983. *See Brownlee v. Monroe Cnty. Corr. Facility*, 816 F. App'x 622, 625 (3d Cir. 2020) (*per curiam*) (affirming dismissal of Monroe County Correctional Facility as a defendant because a prison is not a "person" subject to suit under § 1983) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Crawford v. McMillan*, 660 F. App'x 113, 116 (3d Cir. 2016) (*per curiam*) (affirming dismissal of claims against Lackawanna County Prison because the prison is not an entity subject to suit under § 1983); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)). Accordingly, the Delaware County Prison is not a proper defendant in a § 1983 action.

Additionally, while Shabazz names Mary Beth DePaulis as a Defendant in the caption of this case, he does not describe how she allegedly acted to violate his constitutional rights. In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Shabazz also does not sufficiently describe the circumstances and events leading up to his arrest to support an inference that any defendant's actions were unconstitutional. He presents his

false arrest claim in a wholly conclusory fashion.⁶ *See, e.g., Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting [defendant] lacked probable cause to believe he had committed the offense for which he was arrested"); *Santiago v. Humes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims when plaintiffs failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause" when plaintiffs simply alleged that all allegations against them in the underlying criminal proceedings were false).

Even if Shabazz had plausibly pled a false arrest claim against a named defendant susceptible to suit, any such claim based on a June 2023 arrest is time-barred. The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The

---

⁶ The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995); *Urda v. Sokso*, No. 24-1804, 2025 WL 2046175, at *1 (3d Cir. July 22, 2025) (Claims for "unlawful seizure, false arrest, and malicious prosecution[] share a common element that . . . [a plaintiff] must plead and prove: that . . . [the defendant] charged him without probable cause to believe that he had committed a crime."). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti*, 71 F.3d at 483. "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)); *see also Rivera-Guadalupe v. City of Harrisburg*, 124 F.4th 295, 303 (3d Cir. 2024) (noting that the "any-crime rule" governs claims for false arrest).

Pennsylvania statute of limitations for a personal injury action is two years. *Id.* (citing 42 Pa. Cons. Stat. § 5524(2)); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007). Thus, the limitations period applicable to Shabazz's claim is two years. A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). "Notably, the limitations period starts to run at this time even if the full extent or severity of the injury is not yet known." *Alexis v. Connors*, No. 23-2502, 2024 WL 3534480, at *2 (3d Cir. July 25, 2024) (*per curiam*) (citing *Kach v. Hose*, 589 F.3d 626, 634-35 (3d Cir. 2009); *Wallace*, 549 U.S. at 391).

Even under the most liberal construction, Shabazz's false arrest claim accrued by June 28, 2023, when the Gagnon I hearing results were entered on the docket because he would have been held pursuant to legal process at that time. *See, e.g.*, *Lloyd v. Ocean Twp. Counsel*, 857 F. App'x 61, 64 (3d Cir. 2021) (*per curiam*) (noting that false arrest and imprisonment claims begin to run at the time the plaintiff was "detained pursuant to legal process"); *LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (*per curiam*) ("Claims for false arrest . . . typically accrue on the date of the arrest . . . because, at that point, the plaintiff has reason to know of the injury.");. Accordingly, even using that date, Shabazz was required to bring his claims based on the arrest by June 28, 2025.

Shabazz filed his Complaint on August 26, 2025.  (*See* ECF No. 2.)  Since this case was filed more than a month after the statute of limitations expired on his claims, it is time-barred.  Moreover, the facts alleged do not support a reasonable basis for equitable tolling.[7]

"Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim."  *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111-12 (3d Cir. 2013) (*per curiam*); *see also Harris v. Stash*, No. 22-1910, 2023 WL 1990531, at *2 (3d Cir. Feb. 14, 2023) (*per curiam*) ("[A] court may dismiss claims sua sponte if a time-bar is obvious from the face of the complaint and no further development of the record is necessary.") , *cert. denied*, 144 S. Ct. 579 (2024).  Because it is apparent from the face of the Complaint, when read in conjunction with public records, that Shabazz's claim is time-barred, the Complaint will be dismissed for failure to state a claim.

## V.   CONCLUSION

For the foregoing reasons, the Court will grant Shabazz leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Shabazz will not be given leave to amend this action because amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

---

[7] "Tolling is [an] extraordinary remedy, and is proper only when the principles of equity would make [the] rigid application [of a limitation period] unfair." *D.J.S.-W ex rel. Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020) (alterations in original) (internal citations and quotations omitted).  Equitable tolling is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff in some extraordinary way has been prevented from asserting a claim; or (3) a plaintiff has timely asserted his claims but in the wrong forum.  *See id.*

**Shabazz is advised that the Court's May 29, 2024 prefiling injunction remains in effect.** That injunction provides that Shabazz is enjoined from accessing the EDS system. He may continue to file paper documents via United States mail or courier, or in person at the Clerk's Office. However, Shabazz may not file any new case in this District without first paying the mandatory filing fee or obtaining prior approval of the Court to proceed *in forma pauperis*. Shabazz must attach a copy of the May 29, 2024 Order to any motion for leave to proceed *in forma pauperis* filed in this District. **The Court reiterates its prior warning that if Shabazz submits frivolous, meritless, or vexatious filings, the Court may consider broadening the scope of the injunction or imposing further sanctions as appropriate.**

A dismissal Order follows, which shall be docketed separately. *See* Fed. R. Civ. P. 58.

BY THE COURT:

S/ WENDY BEETLESTONE

_____

WENDY BEETLESTONE, C.J.